UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/30/2020__
```

-------------------------------------------------------------------X
                                       :

BRIAN COLBERT,                                                   :
                                       :

                    Plaintiff,     :          19-cv-9828 (LJL)
          -v-                                       :

                                       :          MEMORANDUM &
FSA STORE, INC., HEALTH-E COMMERCE, and           :          ORDER
JEREMY MILLER                                                  :

                    Defendants.     :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Brian Colbert ("Plaintiff" or "Colbert") moves to compel the following

discovery: (1) information and documents regarding the precise per share value, on three dates

certain, of stock options granted to Plaintiff in his employment contract; and (2) documents

concerning business strategies, including web-based strategies, authored by Plaintiff during his

employment and implemented by defendant FSA Store Inc ("Defendant" or "FSA").

      1.     Plaintiff's motion to compel responses to his Interrogatory 13 and Document

Request Nos. 23 and 53 is GRANTED.  FSA is ordered to answer the interrogatory identifying

the price per share of FSA stock on three vesting dates that have occurred to date (January 17,

2018; January 17, 2019; and January 17, 2020) and to produce documents concerning or

establishing the price per share of FSA stock on those dates, including documents evidencing the

calculation of the share price, as well as year-over-year quarterly revenue information from the

commencement of Plaintiff's employment to present needed to assist in the stock option

valuation.  The law is clear, and the parties agree, that relief in an employment discrimination

case may include the value of stock options improperly lost as a result of the defendant's

discriminatory acts.  *See, e.g., Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 727 (2d Cir.

1984) (affirming damages award that included value of stock options based on an ADEA claim).

Defendant's citation to Judge Leval's opinion in the district court in *Whittlesey*, 1983 U.S. Dist.

LEXIS 12800 at *13 (S.D.N.Y. Oct. 13, 1983), is inapposite.  Although the court in that case

declined to award damages for options in future years (while awarding the plaintiff damages for

the value of stock options he would have received had he remained employed for an additional

five months), the court did so after trial and because Plaintiff had failed to offer useful proof as

to the value of those options.  *Id.* at *13.  Judge Leval's opinion provides no support whatsoever

to FSA's argument that Plaintiff should be deprived of the discovery he seeks to in order to offer

proof of the value of those stock options.  If defendants have a legitimate concern that the

requested information is confidential and proprietary, that concern can be addressed through a

protective order.  It does not justify withholding the information from Plaintiff.

On the same grounds, Plaintiff also seeks to compel responses to Document Request No.

54, seeking "all documents" concerning an equity investment in FSA that occurred in February

2019.  FSA responds that the amount of the investment has no bearing on the stock valuation and

that the "deal documents alone are hundreds of pages long and are replete with confidential and

proprietary business information that falls outside the scope of this lawsuit."  (Dkt. No. 43 at 3.)

Plaintiff has not established how the methodology for setting the share price of FSA Stock in the

equity investment reached after the termination of Plaintiff's employment and for purposes of

that investment is relevant to his claim for relief.  The motion to compel with request to

Document Request No. 54 is DENIED.

2.      In Document Requests Nos. 50 and 52, Plaintiff seeks discovery of FSA's

revision of its contractual agreements with third-party administrators ("TPAs") and revision of

its web-based strategies.  Document Request No. 50, as modified during the parties' meet-and-confer, calls for all documents concerning communications between Defendants and any of FSA's TPAs regarding the renegotiation of the "exclusivity" issue in any of the revenue agreements between FSA and TPAs subsequent to the termination of Plaintiff's employment. Document Request No. 52 calls for all documents concerning revised web strategies implemented by FSA Store, Inc. subsequent to the termination of Plaintiff's employment.[1] Plaintiff claims that the documents are necessary to show that FSA's purported reason for terminating his employment was pretextual.  (Dkt No. 41 at 2-3).  Although FSA claimed to be disappointed with Plaintiff's Strategic Action Plan, Plaintiff claims FSA implemented his strategies subsequent to termination.  *Id.*  FSA responds by conceding that it did complete certain initiatives that Plaintiff started while working for FSA.  It contends, however, that it terminated Plaintiff not because of his plans as reflected in the Strategic Action Plan but because he failed to deliver on them.  (Dkt No. 43 at 3).  It also complains that the requests as currently formulated are overbroad and unduly burdensome; FSA is a web-based e-commerce company that contracts with dozens of TPAs.

Plaintiff's request to compel documents responsive to Document Requests Nos. 50 and 52 from after the date of his termination[2] is DENIED as overbroad and burdensome.  Plaintiff may inquire at depositions into whether – after his termination – FSA pursued the plans he laid out in his Strategic Action Plan.  But Plaintiff's request sweeps far more broadly. How Defendants executed on those plans and whether they were successful or not in the many years

---

[1] In their opposition, Defendants also reference Document Request No. 51 (*see* Dkt No. 43 at 3), but it does not appear that Plaintiff is moving to compel responses to that request.  Accordingly, it is not addressed herein.
[2] Defendants have agreed to produce documents evidencing the work Plaintiff completed during his tenure at FSA. (Dkt No. 43 at 3).  To the extent responsive to the requests, Defendants are also ordered to produce documents evidencing the work Plaintiff *engaged in or performed* during his tenure at FSA.

after the Strategic Action Plan was presented in May 2017 (one month before Plaintiff was informed his employment would be terminated) is of marginal relevance if at all.  The burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  *See* Fed. R. Civ. P. 26(b)(2)(C).

SO ORDERED.

Dated: June 30, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge